UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HARRY SUR GREEN III & <br> CYNTHIA SUR GREEN III, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF GEORGIA et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 22-cv-02455 (APM) |

## MEMORANDUM OPINION

Plaintiffs Harry Sur Green iii and Cynthia Sur Green iii bring this action against the State of Georgia, the Dooly County Sheriff's Office, the Dooly County Detention Center, and a variety of individuals associated with the Sheriff's Office or the "Southern Trails RV Park." *See* Compl., ECF No. 1. For the reasons stated below, the court dismisses the Complaint and this action sua sponte.

It is well-settled that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (cleaned up). A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) when it is "'patently insubstantial,' presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). Claims are patently insubstantial if they are "essentially fictitious," for example, advancing "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or some type of "supernatural intervention." *Id.* at 330. In such cases, a district court may dismiss the case sua sponte. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008)

(quoting *Brown v. Dist. Unemployment Comp. Bd.*, 411 F. Supp. 1001, 1001–02 (D.D.C. 1975) (noting that "a district court has the power to dismiss a case sua sponte if it is frivolous")).

Here, Plaintiff's Complaint rests on the kind of fantastic and delusional claims that warrant dismissal sua sponte. Specifically, referring to themselves as "World Citizens," Plaintiffs allege, among other things, that Officer Shedd, a Defendant in this matter, violated their civil rights in a traffic stop and arrest that seems to have occurred near the RV park at which they stay and a local grocery store, Compl. at 8–13; that their cars were rammed and then confiscated by county police, *id.* at 13; and that the county detention center did not allow them to make any phone calls and did not notice them of the probable cause for their arrests, *id.* at 13–14. Plaintiffs' claims also rely on various misstatements and misapplications of the law. *See, e.g.*, *id.* at 9 (suggesting incorrectly that the Supreme Court ruled that driver's licenses are not required to drive "[one's] own cars"); *id.* at 30–37 (claiming themselves to be "world citizen[s] of the world government" under the Ninth Amendment and the United Nations Charter). Then follows a list of "counts" based off further misapplication of the Ninth Amendment. *Id.* at 40–55, 62–66. As relief, they seek $224,530 in damages as compensation for "hate crime" and "personal property stolen." *Id.* at 18. These are precisely the kind of "fanciful" allegations that do not state a substantial federal question. *See Neitzke*, 490 U.S. at 325; *see also Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Accordingly, upon sua sponte review, this action is dismissed.

A separate final, appealable order accompanies this Memorandum Opinion.

Dated: August 22, 2022

Amit P. Mehta
United States District Judge

2